## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 BANKRUPTCY |
| BRADLEY FOX AND SHANA FOX, | |
| Debtors. | CASE NO. 24-80019 |
| JOSEPH D. OLSEN, TRUSTEE FOR THE ESTATE OF BRADLEY FOX AND SHANA FOX, | ADVERSARY CASE NO.: 24-_____ |
| Plaintiff | |
| vs. | |
| CATHERINE C. PIATEK, | |
| Defendant | |

### COMPLAINT
### TO AVOID AND RECOVER FRAUDULENT TRANSFER

NOW COMES the Plaintiff, Joseph D. Olsen, the duly appointed Chapter 7 Bankruptcy

Trustee for the within bankruptcy proceeding ("Trustee"), by and through his attorney, Brian A.

Hart, and in support of his Complaint to Avoid and Recover Fraudulent Transfer against Catherine

C. Piatek, Defendant, states as follows:

### COMMON ALLEGATIONS
### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding, which arises and relates

to a case under Title 11 pending in the United States Bankruptcy Court for the Northern District

of Illinois, Western Division (the "Court") captioned *In re Bradley Fox and Shana Fox*,

("Debtors") Case No. 24-80019 (the "Bankruptcy Case") pursuant to 28 U.S.C. §§ 157 and

1334(b).

2.      This adversary proceeding is a "core" proceeding to be heard and determined by

this Court pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4.      The statutory and legal predicates for the relief sought herein are Bankruptcy Code

§§ 544, 548, 550, and 551 and Rule 7001, *et. seq.*, of the Federal Rules of Bankruptcy Procedure.

5.      By the filing of the within adversary complaint, the Trustee consents to the entry of

a final order or judgment by the Court.

## INTRODUCTION

6.      By this Complaint, the Trustee seeks to recover for the Bankruptcy Estate the

transfer of real property located at 904 Wiltshire Drive, Unit 1, McHenry, Illinois 60050, as more

fully described by the legal description attached hereto as Exhibit 1 ("Wiltshire").   The Transfer

took place within one year of the filing of the Bankruptcy Case to a related party.

7.      The allegations contained herein are made to the best of the Trustee's knowledge

and belief and are premised upon, *inter alia*, the following:

   a.      The disclosures made by the Debtors, under oath, in their bankruptcy
           schedules and statements filed in the within Bankruptcy Case;

   b.      The disclosures/statements made by the Debtors, under oath, during the
           Debtors' Section 341 meeting of creditors which was conducted on or about
           February 6, 2024;

   c.      Various documents voluntarily produced to the Trustee by the Debtors'
           attorney; and

   d.      Independent investigation by Trustee's attorney including, but not limited
           to, review and obtaining documents from the McHenry County Recorder's
           Office.

## PARTIES

8.      Trustee has at all times relevant hereto been the duly appointed, qualified, and

acting Trustee in the within bankruptcy proceeding.

9.      The Defendant Catherine C. Piatek is an individual residing in McHenry County,

Illinois ("Piatek").

10.     Piatek is believed to be the mother of Debtor Shana Fox ("Shana").

## FACTUAL ALLEGATIONS

11.     The Debtors commenced the Bankruptcy Case by filing a petition for relief on January 5, 2024.

12.     Trustee was appointed as the Trustee for the Bankruptcy Case.

13.     As part of the filing of the Bankruptcy Case, Debtors signed sworn schedules including Schedules A/B (Property) which did not disclose any ownership of Wiltshire (Dkt. 1, page 10, attached hereto as Exhibit 2).

14.     Also as part of the Bankruptcy Case, the Debtor filed Official Form 107 (Statement of Financial Affairs) for individuals filing for bankruptcy (Dkt. 1, page 42, attached hereto as Exhibit 3).

15.     The Statement of Financial Affairs ("SOFA") contains question No. 18 which says:

"18.    **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**

Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐     No
■     Yes. Fill in the details.

| Person Who Received Transfer Address Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Catherine Piatek 904 #1 Wiltshire Dr McHenry, IL 60050 Mother | Condo | | October 2023" |

16.     On September 20, 2018, Shana and Piatek became the owners of Wiltshire as joint tenants.   See a copy of the Warranty Deed as Document Number 2018R0032292 attached hereto as Exhibit 4.

17.     On October 30, 2023, Shana and Piatek executed a Quit Claim Deed as joint tenants transferring Wiltshire to Shana Fox only.  Said Quit Claim Deed was recorded in the McHenry County Recorder's Office as Document Number 2023R0027561, a copy of which is attached hereto as Exhibit 5.

18.     On or before, November 27, 2023, the Debtors met with Attorney James P. Kelly. This is evidenced by a signed retainer agreement dated November 27, 2023, later filed as Dkt. 23, a copy of which is attached hereto as Exhibit 6.

19.     On November 28, 2023, one day after executing the retainer agreement, a Quit Claim Deed was prepared conveying Wiltshire from Shana solely to Piatek solely.  A copy of said deed is attached hereto as Exhibit 7.  While Exhibit 7 appears to be dated November 28, 2023, per the printed date above the signature lines, the notary section states it was executed on January 2, 2024.

20.     On January 4, 2024, just one day prior to the filing of the Bankruptcy Case, Exhibit 7 was filed with the McHenry County Recorder's Office and recorded as Document Number 2024R000250.

21.     The Trustee believes that Wiltshire is worth approximately $145,000.00, and the Trustee believes there are no recorded mortgages or liens against Wiltshire.

**COUNT I**
**AVOIDANCE OF FRAUDULENT TRANSFER**
**UNDER BANKRUPTCY CODE 11 U.S.C. § 548(a)(1)(A)**

1-21.   Plaintiff re-alleges Paragraphs 1-21 and incorporates them by reference herein.

22.     11 U.S.C. § 548(a)(1)(A) provides, *inter alia*, that the trustee may avoid any transfer of an interest of the debtor in property that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily made such

4

transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

23.    The above-mentioned transfer by Shana whereby she conveyed non-exempt real property (Wiltshire) which was not her residence and worth approximately $145,000.00 to an individual (Piatek) who is believed to be her mother with the actual intent to hinder, delay, or defraud creditors of the Debtor as contemplated by 11 U.S.C. § 548(a)(1)(A). More specifically:

a.    The transfer was made within a few months of the filing for relief;

b.    The transfer was recorded within hours before the filing for relief and after consultation with a bankruptcy attorney;

c.    The transfer was made for the benefit of an insider, her mother;

d.    The value obtained by the Debtor for the transfer was not reasonably equivalent as the Quit Claim Deed states consideration was $10.00 and there is no evidence any money was transferred to the Shana. It is believed the value of Wiltshire is approximately $145,000.00, and it is believed there are no recorded mortgages or liens on said property;

e.    The Quit Claim Deed (Exhibit 7) explicitly states the transfer is exempt under provisions of Paragraph E of Section 31-45, Property Tax Code which exempts transfer taxes for deeds or trust documents where the actual consideration is less than $100;

f.    The transfer was substantially all of Shana's non-exempt assets, i.e., as revealed in the Debtors' bankruptcy schedules/statements and claim of exemptions.

g.    The Debtors' bankruptcy schedules/statements disclosed total unsecured liabilities in excess of $199,000.00.

h.    The Debtors were insolvent or became insolvent shortly after the transfer was made, i.e., the Debtors' bankruptcy schedules/statements disclosed ownership of total assets of $536,500.00 and total liabilities of $687,228.78. See the Debtors' bankruptcy Official Form 106Sum, a copy of which is attached hereto (Dkt. 1, page 8) and labeled as Exhibit 8.

24.     Had the transfer not been made, the Debtor could pay a significant amount of her scheduled unsecured debts.

25.     The Debtor's transfer of Wilshire should be avoided in its entirety pursuant to 11 U.S.C. § 548 and the same should be preserved for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551.

**WHEREFORE**, the Trustee respectfully prays as follows:

A.      That this Court enter an order avoiding the Debtor Shana Fox's transfer of 904 Wiltshire Drive, Unit 1, McHenry, Illinois 60050, in its entirety pursuant to 11 U.S.C. §548, and preserving the same for the benefit of the Estate pursuant to 11 U.S.C. §551; and

B.      For any further relief this Court finds equitable and just.

**COUNT II**
**AVOIDANCE OF FRAUDULENT TRANSFER**
**UNDER BANKRUPTCY CODE 11 U.S.C. § 548(a)(1)(B)**

1-21.  Plaintiff re-alleges Paragraphs 1-21 and incorporates them by reference herein.

22.     11 U.S.C. § 548(a)(1)(A) provides, *inter alia*, that the trustee may avoid any transfer of an interest of the debtor in property that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily made such transfer for less than equivalent value, was insolvent at the time of the transfer or became insolvent because of the transfer.

23.     The above-mentioned transfer by Shana whereby she conveyed Wiltshire was made within two years of the filing of the Bankruptcy Case.

24.     The above-mentioned transfer by Shana whereby she conveyed non-exempt assets, Wiltshire, was made voluntarily.

25.     The value obtained by Shana for the transfer was not reasonably equivalent as the Quit Claim Deed states consideration was $10.00, and there is no evidence any money was transferred to the Shana.   It is believed the value of Wiltshire is approximately $145,000.00, and it is believed there are not recorded mortgages or liens on said property.

26.     Shana was insolvent or became insolvent shortly after the transfer was made, i.e., the Debtors' bankruptcy schedules/statements disclosed her ownership of total assets of $536,500.00 and total liabilities of $687,228.78.   See the Debtor's bankruptcy Official Form 106Sum, a copy of which is attached hereto (Dkt. 1, page) and labeled as Exhibit 8.

27.     Had the transfer not been made, the Debtor could pay a significant amount of her scheduled unsecured debts.

28.     The Debtor's transfer of Wiltshire to Piatek should be avoided in its entirety pursuant to 11 U.S.C. § 548 and the same should be preserved for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551.

**WHEREFORE**, the Trustee respectfully prays as follows:

A.     That this Court enter an order avoiding the Debtor's Transfer of 904 Wiltshire Drive, Unit 1, McHenry, Illinois 60050, in its entirety pursuant to 11 U.S.C. §548, and preserving the same for the benefit of the Estate pursuant to 11 U.S.C. §551; and

B.     For any further relief this Court finds equitable and just.

### COUNT III
### AVOIDANCE OF FRAUDULENT TRANSFER UNDER
### BANKRUPTCY CODE 11 U.S.C. §544(b) and 740 ILCS 160/5(a)(1)

1-21.   Trustee re-alleges Paragraphs 1-21 of the common allegations and incorporates them by reference herein.

22.     Pursuant to the provisions of 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtor in property that is avoidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of the Bankruptcy Code.

23.     The Debtors disclosed in their Chapter 7 Bankruptcy Schedules that there were numerous creditors holding unsecured claims against the Debtors at the time of the above-mentioned transfer.   These creditors include, but are not limited to, Bank of America, Certified Service, Inc., Chase Bank, Citibank, Commenity Bank, Credit One Bank, Discover, United States Treasury, Illinois Department of Revenue, as well as several others.

24.     740 ILCS 160/2(l) states as follows:

(l) "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance."

25.     Illinois Compiled Statute 740 ILCS 160/5(a)(1) provides as follows:

"Sec. 5.     (a)     A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, . . . if the debtor made the transfer or incurred the obligation:
                        (1)     with actual intent to hinder, delay, or defraud
                        any creditor of the debtor . . ."

26.     The above-mentioned transfer by Shana whereby she conveyed here non-exempt interest/ownership in Wiltshire was made with the actual intent to hinder, delay, or defraud creditors of the Debtor as contemplated by 740 ILCS 160/5(a)(1).   More specifically:

       a.     The transfer was made within a few months of the filing for relief.

       b.     The transfer was recorded within hours before the filing for relief and after consultation with a bankruptcy attorney;

       c.     The transfer was made for the benefit of her an insider, her mother;

d.   The value obtained by the Debtor for the transfer was not reasonably equivalent as the Quit Claim Deed states consideration was $10.00 and there is no evidence any money was transferred to the Shana. It is believed the value of Wiltshire is approximately $145,000.00, and it is believe d there are no recorded mortgages or liens on said property;

e.   The Quit Claim Deed (Exhibit 7) explicitly states the transfer is exempt under provisions of Paragraph E of Section 31-45, Property Tax Code which exempts transfer taxes for deeds or trust documents where the actual consideration is less than $100;

f.   The transfer was substantially all of Shana's non-exempt assets, i.e., as revealed in the Debtors' bankruptcy schedules/statements and claim of exemptions.

g.   The Debtors' bankruptcy schedules/statements disclosed total unsecured liabilities are in excess of $199,000.00.

h.   The Debtors were insolvent or became insolvent shortly after the transfer was made, i.e., the Debtors' bankruptcy schedules/statements disclosed ownership of total assets of $536,500.00 and total liabilities of $687,228.78. See the Debtor's bankruptcy Official Form 106Sum, a copy of which is attached hereto (Dkt. 1, page 8) and labeled as Exhibit 8.

27.   The Debtor's transfer of Wiltshire to Piatek should be avoided in its entirety pursuant to 11 U.S.C. § 544(b) and the same should be preserved for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551.

**WHEREFORE**, the Trustee respectfully prays as follows:

A.   That this Court enter an order avoiding the Debtor's Transfer of 904 Wiltshire Drive, Unit 1, McHenry, Illinois 60050, in its entirety pursuant to 11 U.S.C. §544, and preserving the same for the benefit of the Estate pursuant to 11 U.S.C. §551; and

B.   For any further relief this Court finds equitable and just.

9

## COUNT IV
## AVOIDANCE OF FRAUDULENT TRANSFER UNDER
## BANKRUPTCY CODE 11 U.S.C. §544(b) and 740 ILCS 160/5(a)(2)

1-21.    Trustee re-alleges Paragraphs 1-21 of the common allegations and incorporates them by reference herein.

22.    Pursuant to the provisions of 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtors in property that is avoidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of the Bankruptcy Code.

23.    The Debtors disclosed in their Chapter 7 Bankruptcy Schedules that there were numerous creditors holding unsecured claims against the Debtor at the time of the above-mentioned transfer.   These creditors include, but are not limited to, Bank of America, Certified Service, Inc., Chase Bank, Citibank, Commenity Bank, Credit One Bank, Discover, United States Treasury, Illinois Department of Revenue, as well as several others.

24.    740 ILCS 160/2(l) states as follows:

(l) "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance."

25.    Illinois Compiled Statute 740 ILCS 160/5(a)(2) provides as follows:

"Sec. 5.    (a)    A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, . . . if the debtor made the transfer or incurred the obligation:
    (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
    (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
    (B) intended to incur, or believed or reasonably should have believed that he

10

would incur, debts beyond his ability to
pay as they became due.

26.     The above-mentioned transfer by Shana whereby she conveyed non-exempt assets, Wiltshire, was made voluntarily.

27.     The value obtained by Shana for the transfer was not reasonably equivalent as the Quit Claim Deed states consideration was $10.00, and there is no evidence any money was transferred to the Shana.   It is believed the value of Wiltshire is approximately $145,000.00, and it is believed there are not recorded mortgages or liens on said property.

28.     Shana was insolvent or became insolvent shortly after the transfer was made, i.e., the Debtors' bankruptcy schedules/statements disclosed her ownership of total assets of $536,500.00 and total liabilities of $687,228.78.   See the Debtor's bankruptcy Official Form 106Sum, a copy of which is attached hereto (Dkt. 1, page 8) and labeled as Exhibit 8.

29.     Had the transfer not been made, the Debtor could pay a significant amount of her scheduled unsecured debts.

30.     The Debtor's transfer of Wiltshire to Piatek should be avoided in its entirety pursuant to 11 U.S.C. § 544 and the same should be preserved for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551.

**WHEREFORE**, the Trustee respectfully prays as follows:

A.      That this Court enter an order avoiding the Debtor's Transfer of 904 Wiltshire Drive, Unit 1, McHenry, Illinois 60050, in its entirety pursuant to 11 U.S.C. §544, and preserving the same for the benefit of the Estate pursuant to 11 U.S.C. §551; and

B.      For any further relief this Court finds equitable and just.

11

## COUNT V
## RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. § 550

1-21.   Plaintiff re-alleges Paragraphs 1-21 and incorporates them by reference herein.

22.    Piatek is the initial transferee of the transfer referenced in the preceding counts of the within Complaint.

23.    Pursuant to the provisions of 11 U.S.C. § 550(a), the Trustee may recover for the benefit of the Bankruptcy Estate the property transferred or, if the Court so orders, the value of such property from the transferee Piatek.

**WHEREFORE**, the Trustee respectfully prays as follows:

A.    That this Court enter a judgment order against Defendant Catherine C. Piatek declaring that the Bankruptcy Trustee may recover the referenced transfer from Defendant Catherine C. Piatek;

B.    That this Court enter an order directing Catherine C. Piatek to convey Wiltshire to the Trustee;

C.    That this Court enter an order directing Catherine C. Piatek to convey to the Trustee the sum of $145,000.00; and

D.    For any further relief which this Court finds equitable and just.

DATED:   April 3, 2023

BRIAN A. HART, ATTORNEY FOR JOSEPH D. OLSEN, TRUSTEE FOR THE ESTATE OF BRADLEY FOX AND SHANA FOX

PREPARED BY:
Brian A. Hart. Attorney at Law
5702 Elaine Drive, Suite 204
Rockford, IL   61108-2475
(815) 708-0234 | Brian@rockfordbankruptcy.com

## LEGAL DESCRIPTION

COMMON ADDRESS:  904 WILTSHIRE DRIVE UNIT 1, MCHENRY, ILLINOIS 60050

PROPERTY CODE:  09-34-176-073 AND LEGALLY DESCRIBED AS:

PARCEL 1:

UNIT M-1 IN WHISPERING OAKS CONDOMINIUM NO. 1, AS DELINEATED AND DEFINED IN THE DECLARATION OF CONDOMINIUM RECORDED JUNE 22, 1971, AS DOCUMENT NO. 545226, AS AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN PART OF THE NORTHWEST QUARTER OF SECTION 34, AND PART OF THE NORTHEAST QUARTER OF SECTION 33, TOWNSHIP 45 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 10, 1971, AS DOCUMENT NO. 544371, IN MCHENRY COUNTY, ILLINOIS, WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED JUNE 22, 1971, AS DOCUMENT NO. 545226, AS AMENDED FOR TIME TO TIME.

PARCEL 2:

EASEMENT APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 1, BEING AN EXCLUSIVE, PERPETUAL EASEMENT FOR PARKING PURPOSES AND IN AND TO PARKING SPACE NO. GM-1 DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY.



EXHIBIT

1

1/05/24 12:02PM

| Fill in this information to identify your case and this filing: | | | |
|---|---|---|---|
| Debtor 1 | **Bradley Fox** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Shana Fox** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number | | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
■ Yes. Where is the property?

1.1

**5714 Meadow Lark Lane**
Street address, if available, or other description

**McHenry**    **IL**    **60051-0000**
City    State    ZIP Code

**McHenry**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative

☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$465,000.00** | **$465,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.............................................=>    **$465,000.00**

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*



EXHIBIT
2

1/05/24 12:02PM

Debtor 1  **Bradley Fox**

Debtor 2  **Shana Fox**                                         Case number (*if known*)  _____

**14.** Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

☑ No

☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| **Charity's Name** | | | |
| **Address** (Number, Street, City, State and ZIP Code) | | | |

---

**Part 6:   List Certain Losses**

**15.** Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☑ No

☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss. Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

---

**Part 7:   List Certain Payments or Transfers**

**16.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?

Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☑ No

☐ Yes. Fill in the details.

| Person Who Was Paid | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Address** | | | |
| **Email or website address** | | | |
| **Person Who Made the Payment, if Not You** | | | |

**17.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?

Do not include any payment or transfer that you listed on line 16.

☑ No

☐ Yes. Fill in the details.

| Person Who Was Paid | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Address** | | | |

**18.** Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?

Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐ No

☑ Yes. Fill in the details.

| Person Who Received Transfer | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| **Address** | | | |
| **Person's relationship to you** | | | |
| **Catherine Piatek**<br>**904 #1 Wiltshire Dr**<br>**McHenry, IL 60050** | **Condo** | | **October 2023** |
| **Mother** | | | |

---

EXHIBIT

**3**

UNOFFICIAL COPY
17530003

Mail to:
HERITAGE TITLE COMPANY
4405 THREE OAKS ROAD
CRYSTAL LAKE, IL 60014

# W A R R A N T Y   D E E D

(Individual to Individual)

2018P0003722

**JOSEPH J. TIRIO**
**MCHENRY COUNTY RECORDER**

**2018R0032292**
09/20/2018 01:02:19 PM PAGES: 3
EXEMPTION:

| | |
|---|---|
| RECORDING FEE | 26.00 |
| RHSPS HOUSING FEE | 9.00 |
| GIS FEE | 15.00 |
| STAMP FEE-STATE | 90.00 |
| STAMP FEE-COUNTY | 45.00 |

~~MAIL TO:~~
Ann Hagerty
Clark & McCardle
75 E Crystal Lake Ave
Crystal Lake, IL 60014

THE GRANTOR, HOLLY L DOLAN, *a single* ~~person~~, of 13620 N 80th Pl in the

City of Scottsdale, County of Maricopa, State of Arizona, for and in consideration of the

sum of ***TEN and no/100 ($10.00) Dollars and other good and valuable considerations

in hand paid.

CONVEYS AND WARRANTS UNTO SHANA FOX AND CATHERINE C

PIATEK, joint tenants *** of 2101 Bull Ridge Dr, City of McHenry, County of McHenry in

Illinois, the following described Real Estate situated in the County of McHenry, State of

Illinois, to wit:  *** *and not as tenants in common*

"SEE LEGAL DESCRIPTION ATTACHED"

Hereby releasing and waiving all rights under and by virtue of the Homestead Exemption

Laws of the State of Illinois TO HAVE AND TO HOLD said premises forever as

. ( Joint Tenants )   ~~Tenants by the Entirety~~   ~~Tenants in Common~~.

| | |
|---|---|
| NAME & ADDRESS | SHANA FOX AND CATHERINE C PIATEK |
| | *Unit #1* |
| OF TAXPAYER: | 904 Wiltshire Dr, McHenry, IL 60050 |
| | |
| Permanent Index Number(s) | 09-34-176-073 |
| | *Unit #1* |
| Property Address: | 904 Wiltshire Dr, McHenry, IL 60050 |

"Grantee herein is prohibited from conveying captioned property for any sales price for a
period of 30 days from the date of the short sale closing. After this 30 day period,
Grantee is further prohibited from conveying the property for a sale price greater than
$108,000.00 until 90 days from the date of the short sale closing. These restrictions shall
run with the land and are not personal to the Grantee."

**EXHIBIT**
**4**

Dated this _04_ day of _Sept_____, 2018.

_Holly L Dolan_ (signature)
HOLLY L DOLAN

STATE OF ~~ILLINOIS~~ Arizona )
COUNTY OF _Maricopa_ )

I, the undersigned, a Notary Public in and for said County and state aforesaid, DO HEREBY CERTIFY that HOLLY L DOLAN is known to me to be the same person whose name is subscribed to the foregoing instrument appeared before me this day in person, and acknowledged that she, signed sealed and delivered the said instrument as her voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and seal this __4th__ day of __September__ 2018.



Notary Public

Commission Expires: __11/9/2021_____

(Seal)

KATHRYN TRAEGER
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
November 9, 2021

NAME AND ADDRESS OF PREPARER:
COURTNEY CLARK
820 E. Terra Cotta Avenue, Unit 106
Crystal Lake, IL 60014

PARCEL 1:

UNIT M-1 IN WHISPERING OAKS CONDOMINIUM NO. 1, AS DELINEATED AND DEFINED IN THE DECLARATION OF CONDOMINIUM RECORDED JUNE 22, 1971 AS DOCUMENT NO. 545226, AS AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN  PART OF THE NORTHWEST QUARTER OF SECTION 34, AND PART OF THE NORTHEAST QUARTER OF SECTION 33, TOWNSHIP 45 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 10, 1971, AS DOCUMENT NO. 544371, IN MCHENRY COUNTY, ILLINOIS, WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED JUNE 22, 1971 AS DOUCMENT NO. 545226, AS AMENDED FROM TIME TO TIME.

PARCEL 2:

EASEMENT APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 1, BEING AN EXCLUSIVE. PERPETUAL EASEMENT FOR PARKING PURPOSES IN AND TO PARKING SPACE NO. GM-1 DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY.

Pin: 09-34-176-073
McHenry Township

Doc1d:20029455
Tx:40326372

JOSEPH J. TIRIO
CLERK AND RECORDER
MCHENRY COUNTY, IL
2023R0027561
10/30/2023 01:00:40 PM PAGES: 3
EXEMPTION: E
RECORDING FEE          14.00
RHSPS HOUSING FEE       18.00
GIS FEE                 24.00
AUTOMATION FEE           8.00

## QUIT CLAIM DEED
## ILLINOIS STATUTORY

THE GRANTOR(S)

### Shana Fox and Catherine C. Piatek, as joint tenants

of the City of McHenry, County of McHenry, State of Illinois for and in consideration of $10.00 (Ten) dollar(s), and other good and valuable consideration in hand paid, CONVEY(S) and QUIT CLAIM(S) to

### Shana Fox, a Married woman

of 5714 Meadow Lark Lane, Johnsburg, IL 60051, of the County of McHenry, all interest in the following described Real Estate situated in the County of McHenry in the State of Illinois, to wit:

### See attached exhibit 'A'

Subject to covenants, conditions and restrictions of record, and real estate taxes due but not paid.

Hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

Permanent Real Estate Index Number(s): 09-34-176-073

Address(es) of Real Estate: 904 Wiltshire Drive Unit 1,, McHenry, IL 60050

EXEMPT UNDER THE PROVISIONS OF SECTION 4, PARAGRAPH E OF THE REAL ESTATE TRANSFER ACT

_____                    10/30/23
Signed By: Buyer, Seller, or Agent                  Date

Dated this 27th day of October, 2023.

_____                    _____
Shana Fox                                  Catherine C. Piatek

EXHIBIT
5

STATE OF _Illinois_    COUNTY OF _McHenry_

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, CERTIFY THAT

_Shana Fox_ & _Catherine Piatek_

personally known to me to be the same person(s) whose name(s) are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and official seal, this ___28___ day of ___October___ , 20_23_.

_(signature)_    (Notary Public)

```
OFFICIAL SEAL
JEANNE M PEARCY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/17/24
```

Prepared by:

Casciaro Law Inc.
1349 W. Huron Street, Suite 2 R
Chicago, IL 60642

Mail to:

Casciaro Law, Inc.
1349 W. Huron Street, Suite 2R
Chicago, IL 60642

Name and Address of Taxpayer:

Shana Fox
5714 Meadow Lark Lane
Johsnburg, IL 60051

PARCEL 1:

UNIT M-1 IN WHISPERING OAKS CONDOMINIUM NO. 1, AS DELINEATED AND DEFINED IN THE
DECLARATION OF CONDOMINIUM RECORDED JUNE 22, 1971 AS DOCUMENT NO. 545226, AS
AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN
THE COMMON ELEMENTS, IN  PART OF THE NORTHWEST QUARTER OF SECTION 34, AND PART
OF THE NORTHEAST QUARTER OF SECTION 33, TOWNSHIP 45 NORTH, RANGE 8 EAST OF THE
THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 10, 1971,
AS DOCUMENT NO. 544371, IN MCHENRY COUNTY, ILLINOIS, WHICH SURVEY IS ATTACHED AS
EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED JUNE 22, 1971 AS DOUCMENT
NO. 545226, AS AMENDED FROM TIME TO TIME.

PARCEL 2:

EASEMENT APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 1, BEING AN EXCLUSIVE.
PERPETUAL EASEMENT FOR PARKING PURPOSES IN AND TO PARKING SPACE NO. GM-1
DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY.

Pin: 09-34-176-073
McHenry Township

## ADVANCE PAYMENT RETAINER AGREEMENT FOR LEGAL SERVICES

FRANKS, KELLY, MATUSZEWICH, & ANDRLE P.C. (FKM&A), agrees to provide legal services to Bradley and Shana Fox ("the Client"), of 5714 Meadow Lark Lane, IL 60051 with regard to bankruptcy, and rendering advice to Client(s) concerning bankruptcy and debtors rights, review the Voluntary Petition and Schedules, review the financial records of the Clients, attendance at the initial session of the Section 341 Meeting of Creditors and the initial session of a discharge hearing (if required), and routine hearings for reaffirmation and lien avoidance. This Agreement specifically excludes representation of the Client in any Adversary Proceeding filed, in accordance with the provisions set forth in this Advance Payment Retainer Agreement for Legal Services (this "Agreement").

The Client shall pay FKM&A $600 upon execution of this Agreement for FKM&A to perform an initial Means test to determine if client is eligible for a Chapter 7. If client proceeds with Chapter 7 then $1100 in fees will be owed plus $100 for reaffirmation agreement if needed. Client will also pay the filing fee of $338.

**Fee:** These funds will be deposited in FKM&A's general account. Client understands that providing a security retainer means that fees paid in advance remain the property of the Client, and FKM&A shall deposit all funds paid as a security retainer in said client trust account only to be withdrawn as such fees are earned. Client understands that FKM&A charges a flat rate, an advanced payment, on all Chapter 7 Bankruptcy cases and is unwilling to represent the Client without an advance payment retainer, due to the nature of bankruptcy law which would result in FKM&A becoming a Bankruptcy creditor if FKM&A was not paid in full prior to filing the Bankruptcy Petition.

**Fee for Work Outside the Scope of this Agreement**. In the event that FKM&A provides services outside the scope of the services FKM&A will represent you for a reasonable fee based upon the experience of the attorneys and paralegals handling the matter and calculated upon the attorneys' and paralegal's hourly time involved in handling the matter. Prior to preforming these services FKM&A and the client will enter into a separate Agreement. If hourly billing outside of the scope of work described above, FKM&A will bill at an hourly rate of $350.00 per hour for any Partner in FKM&A. The hourly rate of associates of FKM&A is $250.00 per hour. The Client acknowledges that FKM&A will bill in tenths of hours (.10), and that any time the Client contacts one of FKM&A's attorneys, a minimum of a quarter of an hour (.25) will be charged to the Client. Further, that the modifications of any documents or preparation for Court, depositions, or any other matters will be billed to Client for the amount of time required to conclude the task. Further, the Client acknowledges and agrees that any time the attorney appears in Court, a minimum of 1 hour will be billed to the client. In addition, the Client understands that the attorney will not bill for any travel time to and from the Courthouse in Woodstock, however, will bill for travel time to and from depositions or other related activities at ½ the attorney's regular hourly rate.

1



EXHIBIT
6

**Exclusion from Services:**  Our services will not include any other matters which may arise in the case, including for example, but not limited to, representing you in connection with i) objections to exemptions, ii) objections to discharge, iii) complaints to determine dischargeability of debts (adversary complaints), iv) United States Trustee's office compliance inquiries and enforcement proceedings, v) Rule 2004 Examinations, vi) proceedings or actions to obtain documents or information from creditors or third parties by either voluntary request or compulsory process, viii) any matters requiring legal expertise in non-bankruptcy law practice areas, ix) adversary proceedings, if any or x) judicial or non-judicial proceedings in a venue other than the bankruptcy court. Our representation in any matters arising and not covered by this Agreement will be subject to a separate engagement agreement.  Unless we enter into a separate agreement in writing, it is expressly understood that this engagement agreement does not obligate the Firm in any way to represent you in any other matters other than described in paragraph number one above.

**Costs:**  The fee to file a Chapter 7 Bankruptcy Petition is $338.00, which must be paid before we can file the Bankruptcy Petition. Further, ~~Client will provide $50.00 fee for FKM&A to obtain a Consumer Liability Report~~. All additional actual and necessary costs incurred by FKM&A in connection with the provision of services under the Agreement shall be billed by FKM&A to and paid by the Client, in addition to the referenced fees.   Such costs typically include court filing fees, witness fees, and all similar and necessary out-of-pocket expenses.

The Clients have the duty to tell the truth and cooperate with all requests of FKM&A. To ensure that all deadlines are met, the Clients shall timely respond to all requests for information and requests for documents, which may be required to proceed with the case, including responses to discovery requests. Further, you must notify FKM&A of your current address and phone number, if there is any change in your employment, and if you have been accused of any criminal activities.

This Agreement may be terminated in writing, with or without cause, by the Clients upon payment in full of any outstanding balance due FKM&A, and by FKM&A, upon five days' written notice, or upon approval by a court if necessary.

It is understood and agreed that FKM&A, it attorneys, and staff do not provide tax advice on any matter.  Specifically, FKM&A does not provide advice with respect to personal or corporate income taxes, income tax liability, estate taxes, tax implication of any transactions, sales taxes, franchise taxes, or any federal, state or local taxes.

I have read and understand, and agree to the terms and conditions above:

**Bradley & Shana Fox**                          **FRANKS, KELLY, MATUSZEWICH, & ANDRLE P.C. (FKM&A)**

By: _____                        By: _____

Dated: 11/27/23                                   Dated: _____

By: _____

Dated: 11 - 27 - 23

3

Docid:20037796
Tx:40332103

JOSEPH J. TIRIO
CLERK AND RECORDER
MCHENRY COUNTY, IL
2024R0000250
01/04/2024 08:25:28 AM PAGES: 3
EXEMPTION: E

| | |
|---|---|
| RECORDING FEE | 14.00 |
| RHSPS HOUSING FEE | 18.00 |
| GIS FEE | 43.00 |
| AUTOMATION FEE | 8.00 |

## QUIT CLAIM DEED
## ILLINOIS STATUTORY

THE GRANTOR(S)

### Shana Fox, a Married Woman

of the City of McHenry, County of McHenry, State of Illinois for and in consideration of $10.00 (Ten) dollar(s), and other good and valuable consideration in hand paid, CONVEY(S) and QUIT CLAIM(S) to

### Catherine C. Piatek an unmarried Woman

of 904 Wiltshire Drive, Unit 1, McHenry, IL 60050, of the County of McHenry, all interest in the following described Real Estate situated in the County of McHenry in the State of Illinois, to wit:

### See attached exhibit 'A'

Subject to covenants, conditions and restrictions of record, and real estate taxes due but not paid.

Hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

Permanent Real Estate Index Number(s): 09-34-176-073

Address(es) of Real Estate: 904 Wiltshire Drive Unit 1, McHenry, IL 6

Dated this 28th day of November, 2023.

_____
Shana Fox

_____
grantee

EXHIBIT
7

STATE OF _Illinois_    COUNTY OF _McHenry_

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, CERTIFY THAT

_____

personally known to me to be the same person(s) whose name(s) are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and official seal, this ___2___ day of _January_, 20_24_.

_Jeanne M Pearcy_

OFFICIAL SEAL
JEANNE M PEARCY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/17/24

Prepared by:

Casciaro Law Inc.
705 N. Milwaukee Avenue, Suite 3R
Chicago, IL 60642

Mail to:
Shana Fox
5714 Meadowlark Ln
Johnsburg IL 60051

Exempt under provisions of Paragraph ___E___
Section: 31-45, Property Tax Code

1/3/24    _____
Date       Buyer, Seller or Representative

Name and Address of Taxpayer:

Cathy C. Piatek
904 Wilshire Drive, Unit1
McHenry, IL 60050

PARCEL 1:

UNIT M-1 IN WHISPERING OAKS CONDOMINIUM NO. 1, AS DELINEATED AND DEFINED IN THE DECLARATION OF CONDOMINIUM RECORDED JUNE 22, 1971 AS DOCUMENT NO. 545226, AS AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN  PART OF THE NORTHWEST QUARTER OF SECTION 34, AND PART OF THE NORTHEAST QUARTER OF SECTION 33, TOWNSHIP 45 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 10, 1971, AS DOCUMENT NO. 544371, IN MCHENRY COUNTY, ILLINOIS, WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED JUNE 22, 1971 AS DOUCMENT NO. 545226, AS AMENDED FROM TIME TO TIME.

PARCEL 2:

EASEMENT APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 1, BEING AN EXCLUSIVE PERPETUAL EASEMENT FOR PARKING PURPOSES IN AND TO PARKING SPACE NO. GM-1 DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY.

Pin: 09-34-176-073
McHenry Township

Case 24-80019   Doc 1   Filed 01/05/24   Entered 01/05/24 12:33:00   Desc Main
Document        Page 8 of 56

1/05/24 12:02PM

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Bradley Fox** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Shana Fox** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106Sum

### Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:**   **Summarize Your Assets**

|  |  | **Your assets** Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B.............................................................................. | $          465,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B..................................................................... | $          71,500.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B............................................................................... | $          536,500.00 |

**Part 2:**   **Summarize Your Liabilities**

|  |  | **Your liabilities** Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $          487,709.51 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $          0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $          199,519.27 |
| | **Your total liabilities** | $          687,228.78 |

**Part 3:**   **Summarize Your Income and Expenses**

|  |  | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I) | |
| | Copy your combined monthly income from line 12 of *Schedule I*............................................................... | $          12,319.61 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J) | |
| | Copy your monthly expenses from line 22c of *Schedule J*....................................................................... | $          12,175.90 |

**Part 4:**   **Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes

7. **What kind of debt do you have?**

☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

EXHIBIT
8